UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARAH SZYMANSKI,

                            Plaintiff,

      v.

LAURIE ENNIS, also known as Laurie E. Madden,

                          Defendant.

_____

**REPORT**
**and**
**RECOMMENDATION**

**06-CV-0061A(F)**

APPEARANCES:       SARAH SZYMANSKI, *Pro Se*
                       124 Wimbledon Court
                       Apartment 6
                       West Seneca, New York 14224

                       HAGELIN KENT LLC
                       Attorneys for Defendant
                       LEO T. FABRIZI, of Counsel
                       135 Delaware Avenue
                       Suite 200
                       Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned on July 14, 2006, by Honorable

Richard J. Arcara for pretrial matters, including report and recommendation on

dispositive motions.  The matter is presently before the court on Defendant's motion to

dismiss for failure to prosecute (Doc. No. 20), filed December 17, 2007.

## BACKGROUND and FACTS[1]

Plaintiff Sarah Szymanski ("Plaintiff"), then represented by Kenneth P. Bernas,

Esq. ("Bernas"), commenced this action on January 27, 2006, seeking to recover

_____

[1] The Facts are taken from the pleadings and motion papers filed in this action.

monetary damages for personal injuries Plaintiff allegedly sustained on February 1,

2004, in an automobile accident ("the accident") in the Town of North East,

Pennsylvania when the vehicle, driven by one Laura Ciotoli, in which Plaintiff was a

passenger was struck from behind by a vehicle driven by Defendant Laurie Ennis, also

known as Laurie E. Madden ("Defendant").[2]  On April 14, 2006, Defendant filed an

answer to the Complaint.

On September 8, 2006, Mr. Bernas moved to withdraw as Plaintiff's attorney

(Doc. No. 8), citing differences of opinion between himself and Plaintiff regarding the

prosecution of this case.  The motion was granted by the undersigned on October 17,

2006 (Doc. No. 12), with the Clerk of the Court directed to update the docket to reflect

Plaintiff's *pro se* status and address, and Plaintiff being "reminded, pursuant to Local

Rule 5.2, [that] a *pro se* litigant must inform the court immediately in writing of any

change of address.  Failure to do so may result in dismissal of the case with prejudice."

October 17, 2006 Order (Doc. No. 12) (bracketed text added).  Despite issuance of this

court's order (Doc. No. 11), directing Plaintiff to appear at the November 13, 2006

scheduling conference, Plaintiff failed to appear.  According to the November 14, 2006

Scheduling Order (Doc. No. 14) ("the scheduling order"), a settlement conference was

scheduled for May 2, 2007.

On December 4, 2006, Defendant's attorney, Leo T. Fabrizi, Esq., sent Plaintiff a

request for authorizations to obtain medical records for health care providers who had

---

[2] Mr. Bernas also represented Laura Ciotoli in a related action, *Ciotoli v. Ennis*, 06-CV-0060A(F), also filed on January 27, 2006, which was settled by stipulation on January 15, 2008 (06-CV-0060A(F), Doc. No. 24).

treated Plaintiff in connection with injuries allegedly sustained in the accident.  Affidavit

of Leo T. Fabrizi, Esq. (Doc. No. 20-2), ¶ 6.  Plaintiff failed to respond to the request.

The settlement conference scheduled for May 2, 2007, was adjourned by orders

filed March 15, April 26 and June 13, 2007, and was eventually held on July 25, 2007,

at which time Plaintiff again failed to appear.  An amended scheduling order filed on

September 13, 2007 (Doc. No. 19), set, *inter alia*, a further settlement conference to be

conducted on December 11, 2007.

On December 17, 2007, Defendant filed the instant motion to dismiss (Doc. No.

20) ("Defendant's motion"), seeking to dismiss the action in its entirety based on

Plaintiff's failure to prosecute.  Defendant's motion is supported by the attached Affidavit

of Leo T. Fabrizi, Esq. (Doc. No. 20-2) ("Fabrizi Affidavit"), and exhibits A through F

(Doc. Nos. 20-4 - 20-9) ("Defendant's Exh(s). __").  By Order filed January 2, 2008

(Doc. No. 21) ("January 2, 2008 Order), Plaintiff was given until January 25, 2008 to

respond in opposition to Defendant's motion, and Defendant was to file any reply in

further support of the motion by February 1, 2008.  The January 2, 2008 Order also

contained the following admonition:

> Failure to respond to Defendant's motion may result in the dismissal of Plaintiff's case with prejudice.

January 2, 2008 Order (underlining in original).

According to a January 2, 2008 minute entry, a copy of the January 2, 2008

Order was mailed via United States Postal Service, First Class Mail, to Plaintiff at 124

Wimbledon Court, Apartment 6, West Seneca, New York, 14224 ("the West Seneca

address"), as well as to 479 S. Legion Drive, Buffalo, New York 14220 ("the Buffalo

address").[3]   The copy of the January 2, 2008 Order mailed to Plaintiff at the West Seneca address was returned to the court on January 22, 2008, bearing a stamp indicating the mail had been returned as undeliverable and that no forwarding address was available.

On January 31, 2008, Defendant filed the Affidavit of Leo T. Fabrizi, Esq. ("Second Fabrizi Affidavit"), explaining that Plaintiff's complete failure to respond to Defendant's motion to dismiss, and the absence of any indication in the record that Plaintiff did not receive the initial motion papers at either the West Seneca address or the Buffalo address, supported Defendant's argument that Plaintiff did not intend to further prosecute the action.   Oral argument was deemed unnecessary.

Based on the following, Defendant's motion should be GRANTED.


## DISCUSSION

As relevant, the Federal Rules of Civil Procedure provide that

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Rule 41(b)").

Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit Court of Appeals has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

---

[3] The source of the Buffalo address is not clear from the record.

Whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the district court."  *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)).  *See Lyell Theatre Corp.*, 682 F.2d at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion."). Nevertheless, dismissal is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).

In determining whether dismissal for failure to prosecute is warranted, the court considers the following factors, none of which generally is dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the plaintiff's due process rights; and (5) whether lesser sanctions are appropriate.  *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita v. Connecticut Dep't. Of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994).  In the instant case, consideration of these five factors supports dismissal of the action.

As to the duration of Plaintiff's failure to prosecute, the docket establishes that Plaintiff has continually failed to appear in the action since October 17, 2008, when Mr. Bernas's motion to withdraw, with notice to Plaintiff (Doc. No. 12), as Plaintiff's attorney was granted.  As such, the first factor weighs in favor of dismissal.

With regard to the second factor, a case may not be dismissed for failure to prosecute absent notice to the plaintiff of the potential dismissal for failure to respond to pending matters before the court.  *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999).  Here, the January 2, 2008 Order specifically warned Plaintiff that

> Failure to respond to Defendant's motion may result in the dismissal of Plaintiff's case with prejudice.

January 2, 2008 Order (underlining in original).

Although the copy of such order mailed to Plaintiff at her West Seneca address was returned as undeliverable, there is no indication that Plaintiff did not receive the order at her Buffalo address.  The record thus establishes that Plaintiff was sufficiently notified that her failure to respond to Defendant's motion would resulting in dismissal of the action, and the second factor weighs in favor of dismissal.[4]

The third factor requiring that the plaintiff's inaction prejudice the defendant also weighs in favor of dismissal.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."  *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted).  The record in the instant case adequately demonstrates Defendant was prejudiced by Plaintiff's inaction.

Specifically, Plaintiff's complete failure to make any appearance in the action since Mr. Bernas was allowed to withdraw as her attorney almost two years ago has resulted in Defendant wasting time addressing Plaintiff's status in the action while

---

[4] Furthermore, Plaintiff's failure to advise the court of any change in her address is a violation of Rule 5.3(d) of the Local Rules of Civil Procedure of the Western District of New York which permits the court to dismiss an action with prejudice when the plaintiff fails to keep the court informed as to her correct address.

attending both the scheduling conference and the settlement conference in connection with attempts to resolve Ms. Ciotoli's claims in the related action, *Ciotoli v. Ennis*, 06-CV-0060A(F), where Plaintiff has demonstrated no interest in pursuing the matter of her claim. Nor has Plaintiff cooperated with Defendant's request for authorizations to obtain copies of Plaintiff's medical records from health care providers who treated Plaintiff in connection with the injuries Plaintiff allegedly sustained in the accident. Fabrizi Affidavit ¶ 6, and Exh. D. The record thus establishes not only presumed prejudice, but also actual prejudice given the substantial delay. As such, the third factor weighs in favor of dismissal.

The fourth factor requires the court weigh considerations of the court's calendar congestion with Plaintiff's due process right to present her case. *Norden Sys., Inc.*, 375 F.3d at 257. Where an action is dismissed based on the plaintiff's own failure to litigate his case, however, there is no denial of due process. *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making.").

Here, despite Plaintiff's failure to appear at several conferences before the undersigned, or to respond in writing to this court's various orders, the overall effect on docket congestion is not so great that the fourth factor weighs in favor of dismissal. *See Hamilton v. City of Lockport*, 2005 WL 975871 at *4 (W.D.N.Y. Apr. 20. 2005) (plaintiff's failure to appear at various conferences did not significantly contribute to calendar congestion such that fourth factor did not weigh in favor of dismissal). The fourth factor thus does not weigh in favor of dismissal.

7

Finally, because the dismissal of an action is "a harsh remedy to be utilized only in extreme situations," *Harding*, 707 F.2d at 50, the court is required to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction.  *Norden Sys., Inc.*, 375 F.3d at 257 ("we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from the plaintiff's delay").  In the instant case, the record establishes that Plaintiff has no interest in pursuing this matter given the fact that Plaintiff has repeatedly ignored court orders by failing to appear for conferences or to respond in opposition to Defendant's Motion seeking dismissal of the action for failure to prosecute, despite the specific warning that the failure to respond to such motion could result in dismissal.  Taken as a whole, Plaintiff's past derelictions support a finding that if the action is not dismissed, Plaintiff is unlikely to prosecute the matter in the future with any more diligence than was forthcoming from Plaintiff in the past.  Why Plaintiff did not even extend the courtesy of a response to counsel or the court regarding her interest in pursuing her claim remains unexplained.

On this record, the court finds no lesser sanction can remedy the prejudice to Defendant and, thus, the fifth factor weighs in favor of dismissal

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's motion to dismiss for failure to prosecute (Doc. No. 20) should be GRANTED; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July <u>23</u>, 2008
            Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 23, 2008
            Buffalo, New York